IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRYL MCBEE | : | CIVIL ACTION |
| v. | : | |
| MR. SETH WILLIAMS, et al. | : | NO. 16-3024 |

FILED
JUN 28 2016
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

M E M O R A N D U M

DAVIS, J.                       JUNE 24, 2016

       Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against the Philadelphia District Attorney and the Attorney General for the Commonwealth of Pennsylvania. He is seeking money damages, immediate release from prison, a one dollar appeal bail and to be resentenced to 10 to 20 years.

       For the following reasons, plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

       The doctrine of absolute immunity shields prosecutors from liability for money damages under § 1983 related to their official acts. Imbler v. Pachtman, 424 U.S. 409 (1976). Accordingly, the claims against District Attorney Williams and Attorney General Kane will be dismissed.

       Furthermore, plaintiff is requesting immediate release from incarceration, a one dollar appeal bail and to be resentenced. Such requests may only be brought in a petition for a writ of habeas corpus, not a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475 (1973).

       A district court should generally provide a pro se

plaintiff with leave to amend unless amendment would be inequitable or futile.  See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).  Here, plaintiff will not be given leave to amend because amendment would be futile.